IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| ELIZABETH FAIRLEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SEARCH WIZARDS, INC.,<br><br>Defendant. | Civil Action No.<br><br>COLLECTIVE ACTION<br><br>JURY TRIAL DEMANDED |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Elizabeth Fairley ("Plaintiff"), through her undersigned counsel, individually and on behalf of all others similarly situated, files this Collective Action Complaint ("Complaint") against Defendant Search Wizards, Inc. ("Search Wizard" or "Defendant"). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## INTRODUCTION

1. This Collective action is brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). Plaintiff, individually and on behalf of the FLSA Collective (defined below), seeks payment of back wages, including overtime compensation, liquidated damages, exemplary damages,

attorneys' fees and costs, and all other relief the Court deems proper.

2. Plaintiff alleges that Defendant knowingly and willfully failed to comply with the FLSA by denying her compensation for all hours worked, including overtime, and capping the number of overtime hours that she could claim for payment per workweek, regardless of whether she worked hours in excess of that amount.

## JURISDICTION AND VENUE

3. This action arises under the FLSA, 29 U.S.C. §§ 201-219. As a federal law claim, the Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C § 1331.

4. Venue is proper in the Middle District of Florida under 28 U.S.C § 1391 because Search Wizards is headquartered in Florida, maintains offices in this judicial district, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this district.

## PARTIES

5. Plaintiff Elizabeth Fairley is an individual residing in Matthews, North Carolina. Plaintiff worked for Defendant as a Global Talent Acquisitions Specialist between February 2021 and December 2021. Pursuant to 29 U.S.C. § 216(b), Plaintiff has consented in writing to be a plaintiff in this action. *See* Exhibit A.

6. Defendant Search Wizards, Inc. ("Search Wizards") is a premier

staffing agency that provides talent acquisition solutions and staff augmentation services to their corporate clients, including Equifax, Microsoft, Expedia, Google, Hewlett Packard, and Starbucks. *See* Client List, Search Wizards, https://www.searchwizards.com/about-us/client-list/ (last viewed Aug. 16, 2022). Search Wizards is a registered Florida corporation and maintains its corporate headquarters at 15 Paradise Plaza, Suite 261, Sarasota, FL 34239. Search Wizards conducts business nationwide.

7. At all times material to this action, Defendant is an "employer" within the meaning of the FLSA under 29 U.S.C. § 203(d).

8. At all material times to this action, Defendant is an "enterprise" within the meaning of the FLSA under 29 U.S.C. § 203(r).

9. Defendant employed Plaintiff and continues to employ similarly situated employees as defined by the FLSA, 29 U.S.C. § 203(d). *See also* 29 C.F.R. 791.2(a).

10. At all times material to this action, Defendant employed individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as defined by the FLSA, 29 U.S.C §§ 206-207.

11. Defendant's annual gross volume of sales made or business done

exceeds $500,000.

12. Defendant is not independently owned and controlled local enterprises within the meaning of 29.U.S.C. § 207(b)(3).

## COLLECTIVE DEFINITIONS

13. Plaintiff brings Count I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of herself and the following proposed collective:

> All current and former non-exempt employees who worked as Talent Acquisitions Specialists or similar roles who are or were employed by Search Wizards in the United States within the past three (3) years and who were not paid for overtime for all hours worked in excess of forty (40) each week (the "FLSA Collective").

14. Plaintiff reserves the right to redefine the FLSA Collective prior to notice or certification, and thereafter, as may be warranted or necessary.

## FACTS

15. Search Wizards is a premier staffing agency that provides talent acquisition solutions by hiring Talent Acquisitions Specialists, and similar roles, to recruit for and fill high-level job openings with top candidates for its corporate clients, including Equifax, Microsoft, Expedia, Google, Hewlett Packard, and Starbucks. *See* About Us, Search Wizards, https://www.searchwizards.com/about-us/ (last viewed Aug. 16, 2022).

16. Search Wizards provides an essential service of recruiting for and

4

filling their client's high-level job openings with top candidates as quickly and discreetly as possible.

17. Search Wizards provides talent acquisitions solutions for its clients throughout the United States, through its use of Talent Acquisitions Specialists such as Plaintiff and Collective Members.

18. Talent Acquisitions Specialists, and employees in similar roles, including Plaintiff and Collective Members, are engaged to recruit for and fill their various high-level job openings. Collective Members carry both active and passive prospective employees through the entire length of Microsoft's onboarding process.

19. Plaintiff was employed by Search Wizards recruiting candidates from approximately February 2021 to December 2021.

20. Plaintiff was compensated on an hourly basis and made an hourly rate.

21. For overtime purposes, Plaintiff was classified as a non-exempt employee.

22. Plaintiff's responsibilities primarily consisted of guiding passive candidates and job applicants through each step of the client's recruitment process. She coordinated interviews, communicated with the client's managers to ascertain their expectations for certain roles, and set out to identify potential candidates that fit the target criteria set forth for each acquisition by the managers.

23. Plaintiff was typically assigned to carry a large number of acquisitions

simultaneously—even as many as sixty-five acquisitions at one time.

24. Due to her strenuous workload, Plaintiff typically worked between eight (8) and twelve (12) hours per day, on a daily basis.

25. Plaintiff often worked forty-five (45) to fifty-five (55) hours per week.

26. Despite assigning a workload that regularly demanded that Plaintiff work up to fifteen (15) overtime hours per week, Defendant maintained a policy that systematically prevented Plaintiff from claiming all hours worked and receiving proper compensation at the overtime rate for all hours worked in excess of forty (40) in a workweek. More specifically, Defendant instructed Plaintiff to refrain from claiming more than a set amount of overtime on a weekly basis.

27. Although Plaintiff regularly worked five (5) to fifteen (15) hours in excess of forty (40) hours per week, Plaintiff was only paid for overtime on a total of ten (10) weeks throughout the entire course of her employment. Furthermore, in the weeks in which Plaintiff was paid overtime, she was only ever compensated for a maximum of 7.5 hours of overtime per week.

28. Defendant's overtime policy prevented Plaintiff from receiving compensation for all hours worked in excess of forty (40) per week, as her workload required. Defendant was aware or should have been aware that this work was compensable and should have been recorded and compensated.

29. Plaintiff observed that other similarly situated employees were made

subject to the same pay practices and policies. Defendant was not only aware of and permitted this practice, but the work responsibilities and conditions imposed by Defendant and its clients effectively required this practice.

30. In addition, Defendant required that Plaintiff and Collective Members obtain pre-approval for overtime worked from their client's managers. If overtime worked had not been pre-approved by the client, Defendant maintained that they were not required to provide compensation for those hours worked.

31. Although Plaintiff requested approval for overtime hours worked, Plaintiff understands that Defendant's client would sometimes deny her requests. In these instances, Defendant did not compensate Plaintiff for her overtime hours worked.

32. Defendant was aware or should have been aware that Plaintiff regularly worked over forty (40) hours per week and was entitled to compensation for all hours worked, including overtime.

33. Defendant did not pay Plaintiff or other similarly situated employees for all hours worked in excess of forty (40) per workweek and did not pay proper overtime premiums.

34. Defendant failed to properly track, monitor, or record the actual number of hours per day that Plaintiff and other Collective Members worked, as required by the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c).

7

35. Defendant did not maintain accurate records of the hours that Plaintiff and other Collective Members worked each workday and the total number of hours worked each workweek as required by the FLSA. *See* 29 C.F.R. § 516.2(a)(7).

36. Plaintiff and other Collective Members were not paid in compliance with the FLSA.

### Defendant Willfully Violated the FLSA

37. Defendant's actions in violation of the FLSA were or are made willfully in an effort to avoid liability under the FLSA. Such willfulness is demonstrated by, or may be reasonably inferred from, Defendant's actions and/or failures to act.

38. Despite Plaintiff's numerous requests for either a more manageable workload or permission to claim all overtime hours worked, Defendant knowingly, or with reckless disregard, failed to make, keep, and preserve accurate records with respect to Plaintiff and other members of the FLSA Collective sufficient to determine their lawful wages, actual hours worked and other conditions of employment as required by federal law. *See* 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c) (requiring employers to maintain payroll records for three years and time sheets for two years, including the exact number of hours worked each day and each week).

39. Even though the FLSA requires overtime premium compensation for hours worked over forty hours per week, Defendant did not pay their hourly

employees, such as Plaintiff, proper overtime compensation for overtime hours worked.

40. Defendant knew, or absent their own recklessness should have known, that its hourly employees were entitled to such overtime premiums.

41. As a company that has been in business for over twenty years, and one that services some of the largest companies in the United States, Defendant has access to resources for advice on its wage and hour obligations. Yet, Defendant failed to pay Plaintiff and other Collective Members all overtime compensation owed.

42. By failing to pay all the overtime compensation owed to Plaintiff and other Collective Members, Defendant acted willfully and in reckless disregard of clearly applicable FLSA provisions.

## COLLECTIVE ACTION ALLEGATIONS

43. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of herself and the FLSA Collective as defined above.

44. Plaintiff desires to pursue their FLSA claim on behalf of all individuals who opt in to this action pursuant to 29 U.S.C. § 216(b).

45. Plaintiff and the FLSA Collective are "similarly situated" as that term is used in 29 U.S.C. § 216(b) because, *inter alia*, all such individuals currently work or have worked pursuant to Search Wizard's common business and payroll practices as described herein, and, as a result of such practices, have not been paid overtime

compensation due as described herein. Resolution of this action requires inquiry into common facts, including, inter alia, Defendant's common compensation and payroll practices.

46. These similarly situated employees are known to Defendant, readily identifiable, and can be easily located through Defendant's business records.

47. Defendant employs and has employed many FLSA Collective members throughout the United States. These similarly situated current and former employees may be readily notified of this action through U.S. mail and/or other reasonable means, and allowed to opt in to this action, pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, liquidated damages, interest, attorney's fees, and costs under the FLSA.

## COUNT I
### Violation of the FLSA
### (On Behalf of Plaintiff and the FLSA Collective)

48. All previous paragraphs are incorporated as though fully set forth herein.

49. The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1½) times the regular rate at which he is employed. *See* 29 U.S.C. § 207(a)(1).

50. Defendant is subject to the wage requirements of the FLSA because

Defendant is an "employer" under 29 U.S.C. § 203(d).

51. At all relevant times, Defendant is an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

52. During all relevant times, Plaintiff and FLSA Collective Members were covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

53. Plaintiff and the FLSA Collective are not exempt from the requirements of the FLSA.

54. Plaintiff and the FLSA Collective are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek.

55. Defendant's compensation scheme applicable to Plaintiff and the FLSA Collective failed to comply with either 29 U.S.C. § 207(a)(1) or 29 C.F.R. § 778.112.

56. Defendant knowingly failed to compensate Plaintiff and the FLSA Collective Members at a rate of one and one-half (1½) times their regular hourly wage for all hours worked in excess of forty (40) hours per week.

57. Defendant also failed to create, keep, and preserve records with respect to work performed by Plaintiff and the FLSA Collective sufficient to determine their wages, hours, and other conditions of employment in violation of the FLSA, 29 U.S.C.A. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c).

58. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

59. Pursuant to 29 U.S.C. § 216(b), employers such as Defendant, who intentionally fail to pay its employees wages in conformance with the FLSA shall be liable to the employee for unpaid wages, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks the following relief on behalf of herself and all others similarly situated:

    a. An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

    b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective members;

    c. Back pay damages (including unpaid overtime compensation, unpaid spread of hours payments and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

    d. Liquidated damages to the fullest extent permitted under the law;

    e. Punitive damages as permitted under the law;

    f. Litigation costs, expenses and attorneys' fees to the fullest extent permitted under the law; and

    g. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a jury trial on all facts.

Dated:  August 19, 2022            Respectfully submitted,

**VARNELL & WARWICK P.A.**

By: */s/ Janet R. Varnell*
Janet Varnell; FBN: 0071072
Brian W. Warwick; FBN: 0605573
1101 E. Cumberland Ave.
Suite 201H, #105
Tampa, FL 33602
Tel: (352) 753-8600
Fax: (352) 504-3301
jvarnell@vandwlaw.com
bwarwick@vandwlaw.com
kstroly@vandwlaw.com

Camille Fundora Rodriguez
Alexandra K. Piazza
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4620
crodriguez@bm.net
apiazza@bm.net

*Attorneys for the Plaintiff and the Proposed FLSA Collective*